IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTEGRATED BRANDS INC.
4175 Veterans Highway
Ronkonkoma, NY 11779

     Plaintiff,

     v.

DEL RAY DREAMERY CO.,

     Defendant.

CIVIL ACTION NO.  1:05CV01684  (GK)

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

Plaintiff INTEGRATED BRANDS INC. files this First Amended Complaint ("Complaint") against Defendant DEL RAY DREAMERY and in support thereof alleges as follows:

## NATURE AND BASIS OF ACTION

1.

This is an action for federal trademark infringement in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1); false designations of origin, false descriptions and false representations in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a); federal trademark dilution in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c); unfair competition under the common law of the District of Columbia; and misappropriation and conversion under the common law of the District of Columbia.  Plaintiff seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff Integrated Brands Inc. (hereinafter "Integrated" or "Plaintiff") is a New Jersey corporation with its principal place of business at 4175 Veterans Highway, Ronkonkoma, NY. Integrated is engaged in the business of, *inter alia*, manufacturing and distributing ice cream and frozen confections.

3.

Defendant Del Ray Dreamery (hereinafter "Del Ray Dreamery" or "Defendant") is a Virginia corporation with, upon information and belief, a place of business at 2310 Mount Vernon Ave., Alexandria, VA. Del Ray Dreamery is engaged in the business of manufacturing and selling frozen custard and other frozen and non-frozen confections.

4.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq.

5.

This Court has jurisdiction over Integrated's state law claims pursuant to 38 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the acts complained of herein occurred in this district.

7.

Defendant is subject to personal jurisdiction in this Court pursuant to D.C. Code §13-423 because Defendant is causing tortious injury in the District of Columbia through tortious acts committed in Virginia, and regularly solicits business in the District of Columbia and/or engages in a persistent course of conduct in the District of Columbia, and/or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia.

## FACTUAL BACKGROUND

### Integrated and its Relevant Trademarks

8.

Integrated is a well known food services company that manufactures and distributes ice cream and other frozen confections across the United States, including the District of Columbia.  Integrated is the manufacturer and distributor of the DREAMERY ice cream and frozen confection products.

9.

Integrated's DREAMERY trademark has continuously been in use in interstate commerce since at least August 1999 to identify its ice cream and frozen confection products.

10.

Integrated has extensively promoted and used its DREAMERY trademark in connection with its ice cream and frozen confection products and has established substantial goodwill in connection with the DREAMERY brand.  By virtue of

Integrated's extensive, continuous and exclusive use of its DREAMERY trademark in connection with ice cream, consumers have come to associate the DREAMERY trademark solely with Integrated.

11.

Integrated is the owner of federal trademark registration No. 2,473,269 for DREAMERY, covering ice cream, issued on July 31, 2001 and U.S. trademark application Serial No. 78/700,781 for DREAMERY, covering, *inter alia*, ice cream confections, frozen dairy and non-dairy confections and desserts, sorbets, and sherbets. Integrated was also previously the owner of U.S. trademark application Serial No. 75/674,087 for DREAMERY, covering, *inter alia*, ice cream confections, frozen dairy and non-dairy confections and desserts, sorbets, and sherbets, filed on April 5, 1999 (collectively, the "DREAMERY Marks"). A true and correct copy of Integrated's federal trademark registration No. 2,473,269 is attached hereto as Exhibit A.

12.

Integrated's federal trademark registration for the DREAMERY trademark is valid and subsisting in law, was duly and legally issued, is *prima facie* evidence of the validity of the mark registered, and constitutes constructive notice of the ownership of the DREAMERY mark by Integrated in accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1057(b) and 1072.

13.

Due to Integrated's long and exclusive use of DREAMERY and substantial advertising, marketing and promotional efforts the DREAMERY trademark has become

famous and became so before Defendant commenced use of its infringing use of DREAMERY.

### Defendant and Its Unlawful Actions

14.

Upon information and belief, Defendant is engaged in the business of manufacturing and selling frozen custard, sorbet and other confections.  Defendant manufactures and distributes its products in connection with the name DEL RAY DREAMERY.

15.

Defendant's DEL RAY DREAMERY products are sold and distributed in interstate commerce primarily out of a store front prominently featuring the name DEL RAY DREAMERY, located at 2310 Mount Vernon Ave., Alexandria, VA.  *See* Exhibit B.  Upon information and belief, Defendant's products are sold to and consumed by residents of the District of Columbia.  Defendant also operates a website that promotes DEL RAY DREAMERY at <www.delraydreamery.com> and which includes directions to the DEL RAY DREAMERY store from Washington, D.C. and Maryland.

16.

Upon information and belief, Defendant has been featured in District of Columbia publications, such as the *Washington Post*, the *Washington Business Journal* and the *Washingtonian*.  Upon information and belief, Defendant regularly solicits business in the District of Columbia and/or engages in a persistent course of conduct in the District of Columbia, and/or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia.

17.

In mid-July, 2005, Integrated became aware of Defendant's infringing use of the DREAMERY Marks. In an effort to protect its rights in the DREAMERY Marks, counsel for Integrated wrote to Defendant requesting that use of Integrated's DREAMERY Marks in conjunction with the DEL RAY DREAMERY store and the sale of frozen custard, sorbet and other frozen confections immediately cease. A true and correct copy of the letter is attached hereto as Exhibit C.

18.

Defendant has failed to respond to Integrated's letter, leaving Integrated with no option but to file this lawsuit to protect its valuable rights.

19.

Upon information and belief, Defendant has been aware of Integrated's DREAMERY Marks and the substantial goodwill represented and symbolized thereby.

20.

Upon information and belief, despite knowledge of Integrated's DREAMERY Marks, and the likelihood of confusion that the use of DEL RAY DREAMERY creates, Defendant has continued to use DEL RAY DREAMERY knowingly, willfully, and intentionally, in an effort to trade unlawfully on the fame and goodwill of the DREAMERY Marks.

21.

By trading on the goodwill and fame associated with the DREAMERY Marks, Defendant has, upon information and belief, derived substantial profit from the sale of infringing product, including profit derived from this judicial forum.

## COUNT I

### Infringement of Federally Registered Trademarks

22.

Integrated incorporates herein and realleges, as fully set forth in this paragraph, the allegations of Paragraphs 1 through 21 above, inclusive.

23.

Defendant's willful, knowing, and intentional use of the DREAMERY Marks in commerce has caused and is likely to continue to cause consumer confusion, mistake or deception as to whether Defendant is in some way associated or affiliated with Integrated or whether Integrated sponsors, licenses, endorses Defendant's goods or services.

24.

Defendant's actions therefore constitute an infringement of Integrated's exclusive rights in its DREAMERY Marks in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

25.

Defendant's aforesaid conduct has caused and, unless enjoined, will continue to cause irreparable injury to Integrated and the goodwill associated with its federally-registered marks.  Integrated has no adequate remedy at law.

## COUNT II

### Use of False Designations of Origin,
### False Descriptions and False Representations

26.

Integrated incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 25 above, inclusive.

27.

The DREAMERY Marks serve to identify goods that are offered by Integrated alone, and goods and services offered in connection with the DREAMERY Marks are regarded by the public as being offered by, manufactured by, sponsored by, approved by, authorized by, associated with or affiliated solely with Integrated.

28.

Upon information and belief, Defendant has knowingly, willfully and intentionally adopted and used the DREAMERY Marks as an indication of source or origin without authorization from Integrated in connection with goods and/or services that Defendant has sold, or caused to be sold, or offered for sale in interstate commerce in such a manner as to suggest sponsorship by, approval by, association with, or affiliation with Integrated, with full knowledge of Integrated's prior rights and prior use of the DREAMERY Marks.

29.

The aforesaid acts of Defendant have caused confusion, deception or mistake among the public as to the true origin, source sponsorship, approval, authorization, association or affiliation of Defendant's goods and/or services, all to Defendant's profit and Integrated's damage.

30.

The aforesaid use of the DREAMERY Marks by Defendant constitutes use of false designations of origin, false descriptions, and false representations in interstate commerce in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §

1125(a), and has caused and will continue to cause irreparable injury to Integrated unless and until permanently enjoined by this Court. Integrated has no adequate remedy at law.

**COUNT III**

**<u>Federal Trademark Dilution</u>**

31.

Integrated incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 30 above, inclusive.

32.

Defendant's unauthorized use in commerce of a trademark that is confusingly similar to Integrated's DREAMERY Marks, which use began after Integrated's DREAMERY Marks became famous, has caused and continues to cause dilution of the distinctive quality of Integrated's famous DREAMERY Marks in violation of the Federal Dilution Act of 1995, 15 U.S.C. § 1125(c).

33.

Upon information and belief, Defendant willfully intended to trade on Integrated's reputation and/or to cause dilution of Integrated's famous DREAMERY Marks.

34.

By reason of Defendant's unlawful acts, Integrated has suffered, is suffering and will continue to suffer damage to its business, reputation and good-will, for which Integrated is entitled to relief.

35.

By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Integrated for which there is no adequate remedy at law, and for which Integrated is entitled to injunctive relief. Integrated has no adequate remedy at law.

## COUNT IV

## Common Law Unfair Competition

36.

Integrated incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 35 above, inclusive.

37.

Defendant's willful, knowing, and intentional use of the DREAMERY Marks in commerce has caused and is likely to continue to cause consumer confusion, mistake or deception as to whether Defendant is in some way associated or affiliated with Integrated or whether Integrated sponsors or endorses Defendant's goods or services.

38.

Upon information and belief, Defendant has used the DEL RAY DREAMERY name with the intent of trading unlawfully upon the DREAMERY Marks in the manner identified above.

39.

Defendant's actions, therefore, constitute unfair competition with Integrated at common law and Defendant's actions have irreparably injured and will continue to

irreparably injure Integrated unless and until such conduct is enjoined permanently by this Court.

**COUNT V**

**<u>Misappropriation and Conversion</u>**

40.

Integrated incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of Paragraphs 1 through 39 above, inclusive.

41.

Defendant, through the unauthorized use of the DEL RAY DREAMERY name, has misappropriated the DREAMERY Marks and converted to its own use and benefit Integrated's famous and valuable property. Defendant's actions therefore constitute misappropriation and conversion under the common law of the District of Columbia.

42.

Defendant's action have irreparably injured and will continue to irreparably injure Integrated unless and until such conduct is enjoined permanently by this Court.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, by virtue of Defendant's unlawful acts as alleged in Counts I through V of this Complaint, Integrated respectfully prays that:

1.    The Court enter judgment that Defendant, as a result of its unauthorized use of the DREAMERY Marks, has used false designations of origin, false descriptions and false representations and committed trademark infringement in violation of 15 U.S.C. § 1114(1) and 1125(a); has diluted the value and quality of Integrated's trademarks under federal law, has engaged in unfair competition under the common law of the District of

- 11 -

Columbia; and has misappropriated and converted Integrated's property in violation of the common law of the District of Columbia;

2.    The Court enter preliminary and permanent injunctions enjoining Defendant and each of its related companies, officers, agents, employees, attorneys, and/or representatives, and all those persons in active concert or participation with them, from:

(a)    adopting or using as a trade name, trademark, service mark, or e-mail address any name, mark or e-mail address which incorporates the DREAMERY Mark or any confusingly similar term, mark or name;

(b)    using or authorizing others to use the DREAMERY Mark or any similar mark or name as a "meta" tag; and

(c)    otherwise unfairly competing with, injuring the business reputation of, or damaging the goodwill of Integrated in any manner, or otherwise falsely representing themselves as being connected with, sponsored by, or associated with Integrated;

4.    Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendant be directed to deliver up to Integrated for destruction all advertising and promotional materials, signs, business cards and all other materials which bear the DEL RAY DREAMERY name or any other trade name, trademark or service mark which incorporates any of Integrated's marks in any form;

5.    Defendant be required to pay Integrated damages for the injuries sustained as a result of Defendant's unlawful actions, and that these damages be trebled pursuant to 15 U.S.C. §1117(a) in light of the exceptional nature of Defendant's actions.

7.    Defendant be required to pay Integrated the costs of this action and the reasonable attorneys' fees Integrated has incurred in connection with this action as a result of Defendant's willful, unauthorized and exceptional conduct, pursuant to 15 U.S.C. §1117(a); and

8.    Integrated be granted such other, different and additional relief as the Court deems just and proper.

Respectfully submitted, this 26th day of August, 2005.

BOBBI JO SHANNON
D.C. Bar No. 483438
ALSTON & BIRD LLP
601 Pennsylvania Avenue, N.W.
North Building, Eleventh Floor
Washington, DC 20004-2601
202-756-3300

OF COUNSEL:

Philippe Bennett
Lara A. Holzman
Sarah C. Hsia
ALSTON & BIRD LLP
90 Park Ave.
New York, NY 10016
212-210-9400
*Attorneys for Plaintiff*
*INTEGRATED BRANDS INC.*